Daniel J. Brooks (DB-3136)
dbrooks@schnader.com
Eric A. Boden (EB-7669)
eboden@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, New York 10005-1101
Telephone: (212) 973-8000
Facsimile: (212) 972-8798

*Attorneys for Plaintiff Patrick Cariou*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PATRICK CARIOU,

           Plaintiff,

- against -

RICHARD PRINCE, GAGOSIAN GALLERY, INC.,
LAWRENCE GAGOSIAN, and RIZZOLI
INTERNATIONAL PUBLICATIONS, INC.,

           Defendants.

------------------------------------------------------------x

Case No. 08 CIV 11327 (DAB)

**AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

      Plaintiff Patrick Cariou, by his attorneys, Schnader Harrison Segal & Lewis LLP, for his Complaint against defendants Richard Prince, Gagosian Gallery, Inc. ("Gagosian Gallery"), Lawrence Gagosian, and Rizzoli International Publications, Inc. ("Rizzoli") (collectively "Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

      1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the Copyright Act of 1976, as

amended, 17 U.S.C. §§ 101, *et seq*. The copyrighted works at issue are registered with the U.S. Copyright Office.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(a) because defendants Gagosian Gallery, Gagosian and Rizzoli either reside or conduct business and may be found in this district and defendant Richard Prince resides in the State in which this district is located, and because a substantial part of the events giving rise to the claim occurred, and a substantial part of the property that is subject of the action is situated, in this district.

## PARTIES

3. Plaintiff Patrick Cariou ("Plaintiff"), a French citizen and resident of Paris, France, is a photographer who has published a number of books of photography, including a book of photographs entitled *Yes Rasta*, published in 2000 by Powerhouse Books, Inc. Plaintiff's work has also appeared in numerous international magazines.

4. Defendant Richard Prince, a citizen of the State of New York, is a contemporary artist who resides in Rensselaerville, New York.

5. Defendant Gagosian Gallery is a corporation organized and existing under the laws of the State of New York and having its principal place of business in the County and City of New York. Gagosian Gallery owns and operates a number of art galleries in New York City and various other cities, including one located at 555 West 24th Street, New York, New York (the "Chelsea Gallery"). Gagosian Gallery is Prince's exclusive representative and agent.

6. Defendant Lawrence Gagosian is the controlling shareholder of Gagosian Gallery and makes its operating decisions, including those involving the Chelsea Gallery.

7. Defendant Rizzoli is a corporation organized and existing under the laws of the State of New York and having its principal place of business in the County and City of New York. Rizzoli is the exclusive distributor of a book entitled *Canal Zone*, published by Gagosian Gallery in 2008, and containing photographs of various paintings by Prince which were on display at the Chelsea Gallery from November 8, 2008 through December 20, 2008 in an exhibition entitled *Canal Zone* (the "Canal Zone Exhibition").

## NATURE OF THE ACTION

8. Defendants have infringed Plaintiff's exclusive rights under Section 106 of the Copyright Act of 1976, as amended, by, without authorization, reproducing, adapting, distributing and displaying copyrighted photographic works (the "Photographs") which Plaintiff owns and published in the book entitled *Yes Rasta*. Plaintiff seeks damages and other remedies under the Copyright Act.

9. Plaintiff is the sole copyright owner and author of the Photographs, which are published as part of the photography book *Yes Rasta* and copyrighted under Copyright Registration No. VA0001301506, issued on November 5, 2001. A copyright notice is displayed on Plaintiff's published book, *Yes Rasta*, in accordance with Section 401 of the Copyright Act.

10. Long following the issuance of the above Copyright Registration, Defendant Prince appropriated the Photographs without authorization from Plaintiff and created a series of

paintings (the "Paintings") incorporating copies of the Photographs, thereby infringing Plaintiff's exclusive rights in the Photographs under the Copyright Act.

11.     Defendants Gagosian Gallery and Gagosian displayed the Paintings during the Canal Zone Exhibition and sold some or all of the Paintings, thereby infringing and contributing to Prince's infringement of Plaintiff's exclusive rights in the Photographs under the Copyright Act. Gagosian Gallery and Gagosian also infringed Plaintiff's rights under the Copyright Act by displaying images of certain of the Paintings, containing the Photographs, on Gagosian Gallery's website and by publishing the book entitled *Canal Zone*, which contains photographs of the Paintings and the Photographs included within the Paintings.

12.     By distributing the book entitled *Canal Zone*, which contains copies of the Photographs, Rizzoli has infringed and contributed to Prince's infringement of Plaintiff's exclusive rights under the Copyright Act.

13.     None of the Defendants was ever authorized by Plaintiff to appropriate the Photographs, or to reproduce, distribute or display the Photographs, or to adapt the Photographs in order to create the Paintings or any other derivative work based on the Photographs. Defendants' conduct was and continues to be in willful disregard of Plaintiff's rights under the Copyright Act.

14.     Defendants' conduct has damaged Plaintiff's ability to sell additional copies of *Yes Rasta* or to earn revenues from derivative works based on the Photographs which Plaintiff could have licensed to others, while at the same time enabling Defendants to profit from their unauthorized reproduction, adaptation, distribution and display of the Photographs.

## FACTUAL BACKGROUND

15. Plaintiff is an accomplished photographic artist whose published works include the book entitled *Yes Rasta*.

16. Plaintiff spent parts of six years in the secluded mountains of Jamaica, gaining access to, living and working with, and earning the trust of the Rastafarians who are the subjects of *Yes Rasta*. The Rastafarians are a spiritual society living simply, independently, and in harmony with nature, apart from the industrialized world of environmental pollution and materialism which they reject and refer to as "Babylon." Naturally, the Rastafarians do not easily trust outsiders, such as Plaintiff, and it was only after living with them for years that Plaintiff was finally permitted to photograph them. The result was the Photographs in *Yes Rasta*, approximately 100 strikingly original black-and-white photographs, mostly close-up portraits of stern, mystical-looking men within a distinctive tropical landscape. *Yes Rasta* also contains an essay by Perry Henzell, who was the producer and director of the noted Jamaican film, *The Harder They Come*.

17. The Photographs, registered with the United States Copyright Office on November 5, 2001 under Registration No. VA0001301506, are highly original, for few, if any, artists have been afforded the unfettered opportunity to photograph the Rastafari people in such breadth and detail. *Yes Rasta* was published in 2000 with a copyright notice as prescribed under Section 401 of the Copyright Act.

18. Prince is well known as an "appropriation artist," due to his penchant for appropriating and using as his own images created by others without attribution or permission. As Prince once said of his own work in an interview, he is "practicing without a license." Prince has publicly admitted appropriating photographs created by others and publishing them as his own

5

work. Although he primarily has been known for copying anonymous commercial imagery, such as advertisements, in the Paintings contained in his Canal Zone Exhibition, Prince has appropriated Plaintiff's copyrighted art work. As stated in Gagosian Gallery's website – which, by displaying images of certain of the Paintings, containing the Photographs, itself infringes Plaintiff's exclusive rights under the Copyright Act – Prince copied the Photographs in various ways, including by scanning them and printing them directly onto the base canvas of the Paintings.  In a recent interview with *Interview Magazine*, Prince described his work in the Canal Zone Exhibition as having been taken from "a book" that he "picked up" about Rastas, who represented a culture "that I didn't really know much about. But I loved the book, and I loved the dreads, so I just started fooling around with this book . . ." According to Prince, "[t]he pictures are very quickly done — they're not really thought about . . ." Prince added: "The Rastas came really fast. And they're going to be over really fast, too." In addition to copying Plaintiff's images of Rastafarians, Prince also copied the landscapes depicted in the Photographs.

19.     Not only did Prince appropriate the images in the Photographs and incorporate them into the Paintings without Plaintiff's permission and despite the prominent copyright notice contained in *Yes Rasta*, but, in the infringing book published by Gagosian Gallery and distributed by Rizzoli entitled *Canal Zone*, Prince actually purports to be the copyright owner of all "artworks" and "insert images," presumably including the Paintings (which contain Plaintiff's Photographs). Furthermore, Gagosian Gallery claims to be the copyright owner of the *Canal Zone* "publication."

20.     The Canal Zone Exhibition contained at least twenty-two Paintings, at least twenty of which reproduce and are derived from the Photographs, incorporating unauthorized uses

of Plaintiff's registered copyrighted work. Among the infringing Paintings which were displayed in the Chelsea Gallery from November 8, 2008 through December 20, 2008 were two untitled works, as well as works entitled: *Graduation, Back to the Garden, Charlie Company, Meditation, Canal Zone, The Ocean Club, Cookie Crumbles, Ile de France, Ding Dong the Witch Is Dead, Djuna Barnes, etc., Zipping the System, Tales of Brave Ulysses, It's All Over, Specially Round Midnight, Naked Confessions, The Other Side of the Island, Cheese and Crackers,* and *Mr. Jones.* Plaintiff's copyrighted work is contained in each of these Paintings and has been wrongfully copied and appropriated by Prince and displayed and distributed by the other Defendants. All of the Paintings were created by Prince, displayed by Gagosian Gallery and Gagosian, and distributed by Rizzoli years after Plaintiff registered his copyright covering the Photographs.

21.    Some, if not all, of the Paintings were sold by Prince or Gagosian Gallery before, during or after the Canal Zone Exhibition, and Gagosian Gallery, Gagosian and Prince all benefitted from the sales.

22.    In an effort to promote the Canal Zone Exhibition, Gagosian Gallery caused to be printed in newspaper and magazine advertisements copies of the Paintings, containing infringing reproductions of images from the Photographs, including advertisements in *The Art Newspaper* and *Art Forum Magazine*. Gagosian Gallery's invitation to the opening of the Canal Zone Exhibition depicted an image of *Graduation*, the Prince Painting found on the first page of the *Canal Zone* exhibition book, which itself contains an infringing reproduction of images from the Photographs. This use of one of Plaintiff's Photographs in the invitation demonstrates the centrality of the Photographs appropriated by Prince to the essence of the Canal Zone Exhibition. Despite the centrality of the Photographs to the Canal Zone Exhibition, at no time in their press

releases, interviews or other public statements did Prince, Gagosian Gallery or Gagosian ever mention Plaintiff's name or comment on the fact that the Paintings were taken directly from Plaintiff's copyrighted work.

23. Neither Prince, nor Gagosian Gallery, nor Gagosian, nor Rizzoli ever asked for or received permission to use the Photographs.

24. After the Canal Zone Exhibition opened, Plaintiff discovered that the Defendants had infringed his rights under the Copyright Act. Through his counsel, on December 11, 2008, Plaintiff served Defendants with a cease and desist demand, outlining the relevant facts set forth in this Complaint and requiring Defendants to:

   i. Cease and desist from continuing to exhibit or distribute Prince's artwork containing unauthorized reproductions of Plaintiff's copyrighted work;
   ii. Remove all unauthorized reproductions of Plaintiff's copyrighted work from Prince's artwork;
   iii. Deliver or destroy all remaining copies of the *Canal Zone* exhibition book containing Prince's artwork that is being distributed by Rizzoli; and
   iv. Identify all of Prince's artwork containing unauthorized reproductions of Plaintiff's copyrighted work and the current location of each of such work.

25. Defendants did not comply with Plaintiff's cease and desist demand and the Canal Zone Exhibition ran through its scheduled completion date of December 20, 2008 without any corrective action being taken.

## FIRST CLAIM FOR RELIEF

## (COPYRIGHT INFRINGEMENT AGAINST RICHARD PRINCE)
## (17 U.S.C. §§ 106, 501)

26.     Plaintiff hereby incorporates paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.     Defendant Prince, with full knowledge of the copyright protection of the Photographs, without authorization, and despite receiving a cease and desist demand, infringed Plaintiff's exclusive rights as the copyright owner of the Photographs by reproducing, displaying, and causing the Photographs to be distributed and by adapting the Photographs into unauthorized derivative works.  All of the infringing conduct occurred in the State of New York.

28.     Defendant Prince's infringement was willful because, as an accomplished, educated and informed artist, Prince had knowledge that his conduct constituted infringement or, at least, recklessly disregarded the possibility.  Prince's willful infringement is also manifested by his disregard of the copyright notice on the copy of *Yes Rasta* that he admitted perusing and copying from.  Finally, Prince's receipt of and non-compliance with Plaintiff's cease and desist demand also establishes the willful nature of his infringing conduct.

29.     Prince's acts have damaged and are continuing to damage Plaintiff in an amount and to an extent as yet unknown.

## SECOND CLAIM FOR RELIEF

### (COPYRIGHT INFRINGEMENT AGAINST GAGOSIAN GALLERY)
### (17 U.S.C. §§ 106, 501)

30. Plaintiff hereby incorporates paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Defendant Gagosian Gallery, without authorization, infringed Plaintiff's exclusive rights as the copyright owner of the Photographs by publicly displaying, offering for sale, and selling the Paintings; by advertising the Canal Zone Exhibition with infringing depictions of the Paintings, containing images of the Photographs, on its website and in newspaper and magazine advertisements as well as in the invitation to the opening of the Canal Zone Exhibition; and by publishing and causing to be distributed the Canal Zone Exhibition book, *Canal Zone*, which contains photographs of the Paintings, and the Photographs included within the Paintings. All of this infringing conduct occurred in the County and State of New York. With those same acts, Gagosian Gallery also contributorily and vicariously infringed Plaintiff's exclusive rights as the copyright owner of the Photographs.

32. Defendant Gagosian Gallery's infringement was willful because, as a prominent and sophisticated art gallery which exclusively represented Prince and knew of his background as an "appropriation artist" who openly boasted about copying works created by others, it knew or should have known that its conduct constituted copyright infringement or, at least, recklessly disregarded the possibility. Defendant Gagosian Gallery's willful infringement is also manifested by its disregard of the copyright notice on the copy of *Yes Rasta* that Defendant Prince admitted perusing and copying from, and by its disregard of Plaintiff's cease and desist demand.

33.     Defendant Gagosian Gallery's acts have damaged and are continuing to damage Plaintiff in an amount and to an extent as yet unknown.

## THIRD CLAIM FOR RELIEF

### (COPYRIGHT INFRINGEMENT AGAINST GAGOSIAN)
### (17 U.S.C. §§ 106, 501)

34.     Plaintiff hereby incorporates paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.     Defendant Gagosian, without authorization, infringed Plaintiff's exclusive rights as the copyright owner of the Photographs by publicly displaying, offering for sale, and selling the Paintings; by advertising the Canal Zone Exhibition with infringing depictions of the Paintings, containing images of the Photographs, on the Gagosian Gallery website and in newspaper and magazine advertisements as well as in the invitation to the opening of the Canal Zone Exhibition; and by publishing and causing to be distributed the Canal Zone Exhibition book, *Canal Zone*, which contains photographs of the Paintings, and the Photographs included within the Paintings. All of this infringing conduct occurred in the County and State of New York. With those same acts, Gagosian also contributorily and vicariously infringed Plaintiff's exclusive rights as the copyright owner of the Photographs.

36.     Defendant Gagosian's infringement was willful because, as a prominent and sophisticated proprietor of numerous art galleries, including the Chelsea Gallery, who exclusively represented Prince and knew of his background as an "appropriation artist" who openly boasted about copying works created by others, he knew or should have known that his conduct constituted copyright infringement or, at least, recklessly disregarded the possibility. Defendant Gagosian's

willful infringement is also manifested by his disregard of the copyright notice on the copy of *Yes Rasta* that Defendant Prince admitted perusing and copying from, and by his disregard of Plaintiff's cease and desist demand.

37. Defendant Gagosian's acts have damaged and are continuing to damage Plaintiff in an amount and to an extent as yet unknown.

## FOURTH CLAIM FOR RELIEF

### (COPYRIGHT INFRINGEMENT AGAINST RIZZOLI)
### (17 U.S.C. §§ 106, 501)

38. Plaintiff hereby incorporates paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. Defendant Rizzoli, without authorization, infringed Plaintiff's exclusive rights as the copyright owner of the Photographs by distributing the Canal Zone Exhibition book, *Canal Zone*, which contains photographs of the Paintings, and the Photographs included within the Paintings. All or most of this infringing conduct occurred in the County and State of New York. With those same acts, Rizzoli also contributorily and vicariously infringed Plaintiff's exclusive rights as copyright owner of the Photographs.

40. Defendant Rizzoli's infringement was willful because, as an experienced book publisher and distributor, it knew or should have known that its conduct constituted copyright infringement or, at least, recklessly disregarded the possibility. Defendant Rizzoli's willful infringement is also manifested by its disregard of the copyright notice on the copy of *Yes Rasta* that Defendant Prince admitted perusing and copying from, and by its disregard of Plaintiff's cease and desist demand.

41.     Defendant Rizzoli's acts have damaged and are continuing to damage Plaintiff in an amount and to an extent as yet unknown.

## FIFTH CLAIM FOR RELIEF

### (CONSPIRACY BY PRINCE, GAGOSIAN GALLERY, GAGOSIAN, AND RIZZOLI TO VIOLATE PLAINTIFF'S RIGHTS UNDER THE COPYRIGHT ACT)

42.     Plaintiff hereby incorporates paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43.     Defendants agreed to reproduce, adapt, display, publish, advertise, promote, sell, offer for sale, market, distribute or otherwise dispose of the Photographs and the Paintings derived from the Photographs without Plaintiff's authorization and contrary to his cease and desist demand. Defendants' willful infringement is manifested by their agreement to disregard the copyright notice on the copy of *Yes Rasta* that Defendant Prince admitted perusing and copying from.

44.     Defendants' conspiracy was intended to and did deprive Plaintiff of his exclusive rights as the copyright owner of the Photographs.

45.     Defendants' acts have damaged and are continuing to damage Plaintiff in an amount and to an extent as yet unknown.

WHEREFORE, Plaintiff Patrick Cariou requests judgment in his favor and against Defendants as follows:

A.     That, pursuant to 17 U.S.C. § 502, Defendants, their directors, officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with

13

them, be enjoined and restrained permanently from infringing the copyright in the Photographs, or any other of Plaintiff's works, in any manner, and from reproducing, adapting, displaying, publishing, advertising, promoting, selling, offering for sale, marketing, distributing or otherwise disposing of the Photographs or any copies of the Photographs, or any other of Plaintiff's works, and from participating or assisting in or authorizing such conduct in any way.

  B. That Defendants be required to pay Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' infringements of the copyrights in the Photographs and to account for and pay Plaintiff all of the Defendants' profits attributable to such infringements or, alternatively, as Plaintiff may elect, that Plaintiff be awarded such statutory damages as the Court may find just because of Defendants' willful acts of infringement.

  C. That Defendants be required to deliver up on oath for impounding, destruction, or other disposition, as Plaintiff determines, all infringing copies of the Photographs, including the Paintings and unsold copies of the *Canal Zone* Exhibition book, in their possession, custody, or control and all transparencies, plates, masters, tapes, film negatives, discs, and other articles for making such infringing copies.

  D. That Defendants be required to notify in writing any current or future owners of the Paintings of whom they are or become aware that the Paintings infringe the copyright in the Photographs, that the Paintings were not lawfully made under the Copyright Act of 1976, and that the Paintings cannot lawfully be displayed under 17 U.S.C. § 109(c).

  E. That Defendants pay to Plaintiff the full costs of this action, including reasonable attorney's fees under 17 U.S.C. § 505.

  F. That Plaintiff have such other relief as is just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
       January 14, 2009

                                    SCHNADER HARRISON SEGAL & LEWIS LLP

                                    By: _____
                                        Daniel J. Brooks (DB-3136)
                                        dbrooks@schnader.com
                                        Eric A. Boden (EB-7669)
                                        eboden@schnader.com
                                    140 Broadway, Suite 3100
                                    New York, New York 10005-1101
                                    Telephone: (212) 973-8000
                                    Facsimile:  (212) 972-8798
                                    *Attorneys for Plaintiff Patrick Cariou*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK       )

TIMOTHY CLANCY, being duly sworn, deposes and says that he is not a party to this action, is over the age of 18 years and resides in Monmouth County, New Jersey. That on the 14th day of January 2009, he served the within AMENDED COMPLAINT upon:

> Richard Prince
> 151 Righter Road
> Rensselaerville, NY 12147
>
> Gagosian Gallery, Inc.
> 980 Madison Avenue
> New York, NY 10021
>
> Lawrence Gagosian
> c/o Gagosian Gallery, Inc.
> 980 Madison Avenue
> New York, NY 10021
>
> Lawrence Gagosian
> "Toad Hall"
> Further Lane
> East Hampton, NY 11937
>
> Rizzoli International Publications, Inc.
> 300 Park Avenue South
> New York, NY 10010

by depositing a true copy of same securely enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
TIMOTHY CLANCY

Sworn to before me this
14th day of January 2009

_____
Notary Public

PATRICIA J. KEHLENBECK
Notary Public, State of New York
No. 01KE6037739
Qualified in Nassau County
Commission Expires February 28, 20 _10_

PHDATA 3162072_1