Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
PATRICK CARIOU,                                             :
                                                            :
                        PLAINTIFF,                          :      08-CV-11327 (DAB)
                                                            :
        -AGAINST-                                           :      **ANSWER TO AMENDED COMPLAINT**
                                                            :
RICHARD PRINCE, GAGOSIAN GALLERY, INC.,                     :      **JURY TRIAL DEMANDED**
LAWRENCE GAGOSIAN AND RIZZOLI                               :
INTERNATIONAL PUBLICATIONS, INC.;                           :
                                                            :
                        DEFENDANTS.                         :
------------------------------------------------------------X

Defendant Richard Prince ("Prince"), by his attorneys Hanly Conroy Bierstein Sheridan Fisher & Hayes, LLP, answer the Complaint herein as follows:

1. The allegations of paragraph 1 of the Complaint contain allegations of a legal nature as to which no response is required.

2. The allegations of paragraph 2 of the Complaint contain allegations of a legal nature as to which no response is required.

3. Prince denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. Prince admits the allegations of paragraph 4 of the Complaint.

5. Prince denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, except admits that Gagosian Gallery Inc., ("Gagosian") is Prince's representative and agent.

6. Prince denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.  Prince denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, except admits, upon information and belief, that Rizzoli is a distributor of a book entitled *Canal Zone*, published by Gagosian Gallery in 2008 and containing photographs of artworks by Prince.

8.  Prince denies the allegations in paragraph 8 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether Plaintiff owns the photographs in the book entitled *Yes Rasta*, and admits that Plaintiff purports to seek remedies under the Copyright Act.

9.  Prince denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, except admits that the book entitled *Yes Rasta* contains a copyright notice.

10. Prince denies the allegations in paragraph 10 of the Complaint, except admits that Prince, as part of his artistic practice, utilized portions of photographs apparently taken by Plaintiff and states that his actions were proper and appropriate under applicable law.

11. Prince denies the allegations in paragraph 11 of the Complaint, except admits that Prince's paintings, some of which incorporated portions of photographs apparently taken by Plaintiff, were exhibited during the Canal Zone exhibition at Gagosian Gallery, that some of the paintings were sold, and that a book entitled *Canal Zone* was published containing photographs of Prince's paintings.

12. Prince denies the allegations in paragraph 12 of the Complaint.

13. Prince denies the allegations in paragraph 13 of the Complaint, except admits that any use of Plaintiff's photographs by Prince was not specifically authorized by Plaintiff, and states that such authorization was not required as Prince's use of portions of the photographs in his artworks is proper artistic practice and appropriate under applicable law.

14. Prince denies the allegations in paragraph 14 of the Complaint

15. Prince denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Prince denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, except denies that the photographs in Yes Rasta are "strikingly original" or "distinctive" in nature.

17. Prince denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, except admits upon information and belief that *Yes Rasta* contains a copyright notice and was published in 2000, and denies that the photographs are "highly original."

18. Prince denies the allegations in paragraph 18 of the Complaint, except admits that he has appropriately used images created by others as part of his artistic practice, which is permitted by applicable law, and admits the quotes from Interview Magazine, although incomplete, are accurate.

19. Prince denies the allegations in paragraph 19 of the Complaint, except admits that certain paintings in the Canal Zone exhibition included portions of Plaintiff's photographs and admits that Prince owns the copyrights in his artworks and admits, upon information and belief, that Gagosian owns the copyright in the exhibition publication.

3

20. Prince denies the allegations in paragraph 20 of the Complaint, except admits, upon information and belief, that the Canal Zone exhibition contained approximately 16 paintings and included, among others, certain of the paintings referred to in that paragraph 20 and further asserts that any use made of Plaintiff's photographs was proper under applicable law.

21. Prince denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, except admits that some of the paintings were sold.

22. Prince denies the allegations in paragraph 22 of the Complaint, except admits, upon information and belief, that Gagosian Gallery did cause advertisements and invitations to be printed for the Canal Zone exhibition, which included portions of Prince's paintings, and admits that he did not refer to Plaintiff's name in relation to the paintings in the Canal Zone exhibition.

23. Prince denies the allegations in paragraph 23 of the Complaint, except admits that Prince did not request permission to use any portion of Plaintiff's photographs in his artworks, and avers that no such request is required and that he is not aware of any such request by the other Defendants herein.

24. Prince denies the allegations in paragraph 24 of the Complaint, except admits, upon information and belief, that on or about December 11, 2008 Plaintiff's counsel sent Prince and the other Defendants a demand letter.

25. Prince denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, except admits that the Canal Zone exhibition ran through December 20, 2008, and included some of the paintings

complained of herein, and avers that no "corrective action" was required since Prince's actions were proper.

26. In response to paragraph 26 of the Complaint Prince repeats and re-alleges every response stated herein to the allegations of paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. Prince denies the allegations in paragraphs 27, and avers that his actions were lawful and proper.

28. Prince denies the allegations in paragraphs 28, and avers that his actions were lawful and proper.

29. Prince denies the allegations in paragraphs 29, and avers that his actions were lawful and proper.

30. In response to paragraph 30 of the Complaint Prince repeats and re-alleges every response stated herein to the allegations of paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. The allegations of paragraph 31 is not made against Prince and therefore no response is required. To the extent such allegations are deemed to be made against Prince, Prince denies any allegations of liability.

32. The allegations of paragraph 32 is not made against Prince and therefore no response is required. To the extent such allegations are deemed to be made against Prince, Prince denies any allegations of liability.

33. The allegations of paragraph 33 is not made against Prince and therefore no response is required. To the extent such allegations are deemed to be made against Prince, Prince denies any allegations of liability.

34. In response to paragraph 34 of the Complaint Prince repeats and re-alleges every response stated herein to the allegations of paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. The allegations of paragraph 35 is not made against Prince and therefore no response is required. To the extent such allegations are deemed to be made against Prince, Prince denies any allegations of liability.

36. The allegations of paragraph 36 is not made against Prince and therefore no response is required. To the extent such allegations are deemed to be made against Prince, Prince denies any allegations of liability.

37. The allegations of paragraphs 37 is not made against Prince and therefore no response is required. To the extent such allegations are deemed to be made against Prince, Prince denies any allegations of liability.

38. In response to paragraph 38 of the Complaint Prince repeats and re-alleges every response stated herein to the allegations of paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39. The allegations of paragraph 39 is not made against Prince and therefore no response is required. To the extent such allegations are deemed to be made against Prince, Prince denies any allegations of liability.

40. The allegations of paragraph 40 is not made against Prince and therefore no response is required. To the extent such allegations are deemed to be made against Prince, Prince denies any allegations of liability.

41.   The allegations of paragraphs 41 is not made against Prince and therefore no response is required. To the extent such allegations are deemed to be made against Prince, Prince denies any allegations of liability.

42.   In response to paragraph 42 of the Complaint Prince repeats and re-alleges every response stated herein to the allegations of paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43.   Prince denies the allegations in paragraph 43, except admits that portions of Plaintiff's photographs were utilized as part of the Canal Zone exhibition and the book published in connection with that exhibition and further states that Prince's actions were lawful and proper artistic practice.

44.   Prince denies the allegations in paragraph 44.

45.   Prince denies the allegations in paragraph 45.

### FIRST AFFIRMATIVE DEFENSE

46.   The Complaint herein fails to state a claim for copyright infringement under the Copyright Act pursuant to 17 U.S.C. § 101 et seq. upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

47.   Any use by Prince or the other defendants herein of Plaintiff's photographs are permitted pursuant to the fair use doctrine, as codified in 17 U.S.C. § 107. Prince's paintings are transformative in nature, and include new meaning, new artistic expression and a new message by utilizing portions of the photographs, together with other images and media, to create new and unique work which comments upon certain aspects of culture. The portion of the photographs utilized was partial and

reasonable in light of Prince's artistic and expressive purposes as set forth above. Prince's actions here were done in good faith and reflect established artistic practices. The use of Plaintiff's photographs poses no harm to the value of such photographs and any market value relating to the photographs has, upon information and belief, been enhanced rather than decreased. As a result of these factors, Plaintiff's claims are barred by the fair use doctrine.

WHEREFORE, Prince respectfully demands the following relief:

A. Dismissal of the Complaint in its entirety together with

B. Reasonable attorneys' fees, expenses and costs; and

C. Such other and further relief as this Court deems just and proper

Dated: March 3, 2009
New York, New York

                        Respectfully submitted,

                        HANLY CONROY BIERSTEIN SHERIDAN
                        FISHER & HAYES LLP

By: _____
        Steven M. Hayes
        112 Madison Avenue, 7th Floor
        New York, New York 10016
        Telephone: (212) 784-6400
        Facsimile: (212) 213-5349
        shayes@hanlyconroy.com

*Attorneys for Defendant Richard Prince*