Exhibit C

**WITHERS BERGMAN LLP**
430 Park Ave, 10th floor
New York, New York 10022
212.848.9800
Hollis Gonerka Bart (HB-8955)
Dara G. Hammerman (DH-1591)
*Attorneys for Defendants Gagosian Gallery, Inc.*
*and Lawrence Gagosian*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

PATRICK CARIOU,

Plaintiff,

     -v-

RICHARD PRINCE, GAGOSIAN GALLERY, INC
LAWRENCE GAGOSIAN, and RIZZOLI
INTERNATIONAL PUBLICATIONS, INC.,

Defendants.

------------------------------------------------------------------------x

Index No.  08 CIV 11327 (DAB)

**ANSWER OF DEFENDANTS**
**GAGOSIAN GALLERY, INC.**
**AND LAWRENCE**
**GAGOSIAN TO AMENDED**
**COMPLAINT**

Defendants Gagosian Gallery, Inc. and Lawrence Gagosian (collectively, "Gagosian" or

individually, "Gagosian Gallery" and "Mr. Gagosian"), by and through their attorneys Withers

Bergman LLP, as and for their Answer to the Amended Complaint, state as follows:

### JURISDICTION AND VENUE

1.     Gagosian states that paragraph 1 pleads a legal conclusion to which no answer is

required, but to the extent that an answer is required, Gagosian denies knowledge or information

sufficient to admit or deny the allegations in paragraph 1.

2.     Gagosian states that paragraph 2 pleads a legal conclusion to which no answer is

required, but to the extent that an answer is required, Gagosian denies knowledge or information

sufficient to admit or deny the allegations in paragraph 2.

746864.2.

**PARTIES**

3.      Gagosian denies knowledge or information sufficient to admit or deny the

allegations in paragraph 3, but admits, on information and belief, that plaintiff Patrick Cariou is a

photographer who has published a book entitled, *Yes Rasta*, published in 2000 by Powerhouse

Books, Inc.

4.      Gagosian admits the allegations in paragraph 4, on information and belief.

5.      Gagosian admits the allegations in paragraph 5.

6.      Gagosian states that paragraph 6 pleads a legal conclusion to which no answer is

required, but to the extent that an answer is required, Gagosian denies knowledge or information

sufficient to admit or deny the allegations in paragraph 6, but admits that Mr. Gagosian is

involved with the operations of the Gagosian Gallery.

7.      Gagosian denies knowledge or information sufficient to admit or deny the

allegations in paragraph 7, but admits, on information and belief, that defendant Rizzoli is a

corporation organized and existing under the laws of the State of New York and having its

principal place of business in the County and City of New York.

**NATURE OF THE ACTION**

8.      Gagosian states the paragraph 8 pleads a legal conclusion to which no answer is

required, but to the extent that an answer is required, Gagosian denies knowledge or information

sufficient to admit or deny the allegations in paragraph 8.

9.      Gagosian denies knowledge or information sufficient to admit or deny the

allegations in paragraph 9, except admits that a form of copyright notice is found in plaintiff's

book.

2

10.     Gagosian states that paragraph 10 is not addressed to Gagosian Gallery or Mr. Gagosian, and therefore it does not require a response from them.  To the extent that a response is required, Gagosian denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the conduct of Richard Prince, and states that the allegations regarding infringement of plaintiff's copyright rights plead a legal conclusion to which no answer is required, and to the extent an answer is required, Gagosian denies the allegations.

11.     Gagosian states that the allegations in paragraph 11 plead a legal conclusion to which no answer is required, and to the extent that an answer is required, Gagosian denies the allegations, but admits that some of Prince's paintings were displayed at the Canal Zone Exhibition, sold, and featured in a book entitled, *Canal Zone*.

12.     Gagosian states that paragraph 12 is not addressed to Gagosian Gallery or Mr. Gagosian, and therefore it does not require a response from them.  To the extent that a response is required, Gagosian states that the allegations in paragraph 12 plead a legal conclusion to which no answer is required, but to the extent that an answer is required, Gagosian denies the allegations.

13.     Gagosian states that the allegations in paragraph 13 plead a legal conclusion to which no answer is required, but to the extent that an answer is required, Gagosian denies the allegations in paragraph 13, and affirmatively asserts that Gagosian's conduct, with regard to the reproduction, display, and distribution of Prince's works, was and continues to be lawful.

14.     Gagosian denies the allegations in paragraph 14.

**FACTUAL BACKGROUND**

15.     Gagosian denies knowledge or information sufficient to admit or deny the allegations in paragraph 15, but admits, on information and belief, that a book entitled, *Yes Rasta* was published in 2000.

16.     Gagosian denies knowledge or information sufficient to admit or deny the allegations in paragraph 16, except denies that the photographs in *Yes Rasta* are "strikingly original" or "distinctive" in nature.

17.     Gagosian states that the allegations in paragraph 17 plead a legal conclusion to which no answer is required, but to the extent that an answer is required, Gagosian denies the allegations in paragraph 17, but admits that *Yes Rasta* contains a copyright notice and was published in 2000.

18.     Gagosian states that paragraph 18 is not addressed to Gagosian Gallery or Mr. Gagosian, and therefore it does not require a response from them.  To the extent that a response is required, Gagosian admits that Prince has been described as an appropriation artist, but denies knowledge or information sufficient to form a belief as to the truth or falsity of the balance of the allegations in paragraph 18, and affirmatively asserts that Gagosian's display and exploitation of Prince's works was and continues to be lawful.

19.     Gagosian states that paragraph 19 is not addressed to Gagosian Gallery or Mr. Gagosian, and therefore it does not require a response from them.  To the extent that a response is required, Gagosian states that the allegations in paragraph 19 plead a legal conclusion to which no answer is required, but to the extent that an answer is required, Gagosian denies the allegations in paragraph 19, and affirmatively asserts that there has been no distribution of the book *Canal Zone*, and that the display and exploitation of Prince's work was and continues to be

4

lawful, and that Gagosian Gallery is the lawful owner of all copyrights in and to the *Canal Zone* book.

20.     Gagosian denies the allegations in paragraph 20, but admits that, from November 8, 2008 through December 20, 2008, the Canal Zone Exhibition was held at the Gagosian Gallery in Chelsea, which contained sixteen works by Prince, and that certain of the paintings referenced in paragraph 20 were included in a book entitled, *Canal Zone*, and affirmatively avers that Gagosian's display and exploitation of Prince's works from the Canal Zone Exhibition was and continues to be lawful.

21.     Gagosian denies the allegations in paragraph 21, and affirmatively avers that only eight paintings were sold.

22.     Gagosian denies the allegations in paragraph 22, but admits that Gagosian Gallery lawfully advertised the Canal Zone Exhibition in various newspapers and magazines, that Gagosian Gallery's invitation to the opening of the Canal Zone Exhibition lawfully featured a picture of "Graduation," and that Gagosian Gallery did not mention plaintiff's name in any such marketing materials, and affirmatively avers that there was no requirement to do so.

23.     Gagosian states that portions of paragraph 23 are not addressed to Gagosian Gallery or Mr. Gagosian, and therefore it does not require a response from them.  To the extent that a response is required, Gagosian did not request permission to use any portion of plaintiff's photographs in its marketing materials, and affirmatively avers that no such request is required. Gagosian denies knowledge or information sufficient to form a belief as to the truth or falsity of the balance of the allegations, and affirmatively asserts that Gagosian's display and exploitation of Prince's works was and continues to be lawful, and thus, no consent was required.

746864.2.

24.     Gagosian states that the allegations in paragraph 24 plead a legal conclusion to which no answer is required.  To the extent an answer is required, Gagosian denies knowledge or information sufficient to admit or deny the allegations in paragraph 24 which allege plaintiff's internal mental state, or his subjective opinions or beliefs, but affirmatively states that Gagosian received a cease and desist letter from plaintiff, through his counsel, on or about December 11, 2008.

25.     Gagosian denies the allegations in paragraph 25, and affirmatively asserts that the Canal Zone Exhibition ran through December 20, 2008 and that Gagosian's display and exploitation of Prince's works was and continues to be lawful, and as such, Gagosian had no obligation to take any corrective action at that time.

## FIRST CLAIM FOR RELIEF

### (COPYRIGHT INFRINGEMENT AGAINST RICHARD PRINCE)
### (17 U.S.C. §§ 106, 501)

26.     Gagosian's responses to paragraphs 1-15 inclusive, are incorporated herein by reference.

27.     Gagosian states that paragraph 27 is not addressed to Gagosian Gallery or Mr. Gagosian, and therefore it does not require a response from them.  To the extent that a response is required, Gagosian denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

28.     Gagosian states that paragraph 28 is not addressed to Gagosian Gallery or Mr. Gagosian, and therefore it does not require a response from them.  To the extent that a response is required, Gagosian denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

746864.2.

29.     Gagosian states that paragraph 29 is not addressed to Gagosian Gallery or Mr. Gagosian, and therefore it does not require a response from them.  To the extent that a response is required, Gagosian denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

## SECOND CLAIM FOR RELIEF

### (COPYRIGHT INFRINGEMENT AGAINST GAGOSIAN GALLERY)
### (17 U.S.C. §§ 106, 501)

30.     Gagosian's responses to paragraphs 1-29 inclusive, are incorporated herein by reference.

31.     Gagosian Gallery denies the allegations in paragraph 31, and affirmatively avers that its display, sale, and exploitation of Prince's works was and continues to be lawful.

32.     Gagosian Gallery denies the allegations in paragraph 32, and affirmatively avers that its conduct was and continues to be lawful.

33.     Gagosian denies knowledge or information sufficient to admit or deny the allegations in paragraph 33, but upon information and belief, Gagosian denies that plaintiff has been damaged as a result of any action by Gagosian.

## THIRD CLAIM FOR RELIEF

### (COPYRIGHT INFRINGEMENT AGAINST GAGOSIAN) (17 U.S.C. §§ 106,501)

34.     Gagosian's responses to paragraphs 1-33 inclusive, are incorporated herein by reference.

35.     Gagosian Gallery states that paragraph 35 is not addressed to it and therefore does not require a response from Gagosian Gallery.  To the extent that a response is required, Gagosian Gallery denies the allegations in paragraph 35, and affirmatively avers that any actions taken by Mr. Gagosian in his capacity as the founder and an officer of Gagosian Gallery with

7

respect to Prince's works was, and continues to be, lawful. Mr. Gagosian denies the allegations in paragraph 35, and affirmatively avers that Gagosian's display, sale, and exploitation of Prince's works was and continues to be lawful, and that all such actions were undertaken by, and at the direction of, Gagosian Gallery.

36.     Gagosian Gallery states that paragraph 36 is not addressed to it and therefore does not require a response from Gagosian Gallery. To the extent that a response is required, Gagosian Gallery denies the allegations in paragraph 36, and affirmatively avers that any actions taken by Mr. Gagosian in his capacity as the founder and an officer of Gagosian Gallery with respect to Prince's works was, and continues to be, lawful. Mr. Gagosian denies the allegations in paragraph 36, and affirmatively avers that Gagosian's display, sale, and exploitation of Prince's works was and continues to be lawful, and that all such actions were undertaken by, and at the direction of, Gagosian Gallery.

37.     Gagosian Gallery states that paragraph 37 is not addressed to it and therefore does not require a response from Gagosian Gallery. To the extent that a response is required, Gagosian Gallery denies the allegations in paragraph 37, and affirmatively avers that any actions taken by Mr. Gagosian in his capacity as the founder and an officer of Gagosian Gallery with respect to Prince's works was, and continues to be, lawful. Mr. Gagosian denies knowledge or information sufficient to admit or deny the allegations in paragraph 37, but upon information and belief, Gagosian denies that plaintiff has been damaged as a result of any action by him or by Gagosian Gallery.

## FOURTH CLAIM FOR RELIEF

### (COPYRIGHT INFRINGEMENT AGAINST RIZZOLI) (17 U.S.C. §§ 106,501)

38.     Gagosian's responses to paragraphs 1-37 inclusive, are incorporated herein by reference.

39.     Gagosian states that paragraph 39 is not addressed to Gagosian Gallery or Mr. Gagosian, and therefore it does not require a response from them.  To the extent that a response is required, Gagosian denies the allegations in paragraph 39 upon information and belief.

40.     Gagosian states that paragraph 40 is not addressed to Gagosian Gallery or Mr. Gagosian, and therefore it does not require a response from them.  To the extent that a response is required, Gagosian states that the allegations in paragraph 40 plead a legal conclusion to which no response is required, and to the extent a response is required, Gagosian denies the allegations in paragraph 40.

41.     Gagosian states that paragraph 41 is not addressed to Gagosian Gallery or Mr. Gagosian, and therefore it does not require a response from them.  To the extent that a response is required, Gagosian states that the allegations in paragraph 41 plead a legal conclusion to which no response is required, and to the extent a response is required, Gagosian denies the allegations in paragraph 41.

## FIFTH CLAIM FOR RELIEF

### (CONSPIRACY BY PRINCE, GAGOSIAN GALLERY, GAGOSIAN, AND RIZZOLI TO VIOLATE PLAINTIFF'S RIGHTS UNDER THE COPYRIGHT ACT)

42.     Gagosian's responses to paragraphs 1-41 inclusive, are incorporated herein by reference.

43.     Gagosian denies the allegations in paragraph 43, and affirmatively avers that Gagosian's conduct was and continues to be lawful.

44.     Gagosian denies the allegations in paragraph 44.

45.     Gagosian denies the allegations in paragraph 45.

9

**FIRST AFFIRMATIVE DEFENSE**

46.     Gagosian alleges that the Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Gagosian upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

47.     Gagosian is not liable for copyright infringement because any use of defendant Prince's copyrighted photographs by Gagosian or Prince is lawful and constitutes fair use pursuant to 17 U.S.C. § 107.

48.     First, defendant Prince's works are substantially transformative.  Specifically, Prince's works use Cariou's existing raw images and juxtapose them against different images and backdrops to tell a unique and creative story about modern culture.  Prince's works were created with an entirely different functional purpose than the purpose for which Cariou claims to have taken the photographs in *Yes Rasta*, and they embody new expression and meaning to create an entirely different type of art with different objectives.

49.     Furthermore, the creation and exhibition of Prince's works was not commercially exploitative, was justified with a genuine creative rationale, and was done without bad faith.

50.     The nature of Cariou's copyrighted works weigh in favor of Prince's fair use. Cariou's copyrighted works are factually based in that they are real-life photographs of Rastafarians as they appear in their native environments, whereas the works of art by Prince utilize small portions of the photographs, together with other images and media, to create a new and unique work which comments upon certain aspects of culture.

51.     Third, the amount and substantiality of the portion of the images used by Prince weigh in favor of a finding of fair use.  Prince copied only that portion of the image necessary to

746864.2.

evoke his unintended message and style, and thus his use was reasonable in relation to the purpose of his copying.

52.    Finally, defendants did not cause any harm to Cariou's career nor did it decrease the market value for his photographs.   Furthermore, there is no derivative market for Cariou to tap into that is in any way related to defendants' use of his work.

53.    Plaintiff's claims are thus barred by the fair use doctrine.

## THIRD AFFIRMATIVE DEFENSE

54.    To the extent that the paintings in the Canal Zone Series infringes any valid copyright belonging to the plaintiff, such infringement was and is innocent and not willful.

## FOURTH AFFIRMATIVE DEFENSE

55.    As a fourth affirmative defense, Gagosian alleges that the Complaint, and each purported cause of action alleged therein, cannot be maintained against Mr. Gagosian because shareholders or officers can not be held individually liable for the actions of a corporate entity.

## FIFTH AFFIRMATIVE DEFENSE

56.    Defendant Rizzoli has never distributed *Canal Zone*.

## SIXTH AFFIRMATIVE DEFENSE

57.    Plaintiff has suffered no damages as a result of the alleged infringement.

11

746864.2.

WHEREFORE, defendants Gagosian Gallery, Inc. and Lawrence Gagosian respectfully demand the following relief:

(i)    dismissal of the Complaint in its entirety; together with

(ii)   reasonable attorneys' fees and costs incurred by them in defending plaintiff's claims; and

(iii)  such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 3, 2009
                                   Respectfully submitted

                                   WITHERS BERGMAN LLP


                          By:    ___/s/ Hollis Gonerka Bart_____
                                   Hollis Gonerka Bart (HB-8955)
                                   Dara G. Hammerman(DH-1591)
                                   430 Park Avenue, 10th Floor
                                   New York, New York 10022-3505
                                   Telephone: (212) 848-9800
                                   Facsimile: (212) 848-9888
                                   *Attorneys for Defendants Gagosian Gallery,*
                                   *Inc. and Lawrence Gagosian*

746864.2.