Daniel J. Brooks
Eric A. Boden
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, New York 10005-1101
Telephone: (212) 973-8000
Facsimile: (212) 972-8798

*Attorneys for Plaintiff Patrick Cariou*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PATRICK CARIOU,                                  :
                                                 :
                               Plaintiff,        :     08 Civ. 11327 (DAB)
                                                 :
           -against-                             :
                                                 :     **DECLARATION OF**
RICHARD PRINCE, GAGOSIAN GALLERY,                :     **DANIEL J. BROOKS**
INC., LAWRENCE GAGOSIAN and                      :
RIZZOLI INTERNATIONAL                            :
PUBLICATIONS, INC.,                              :
                                                 :
                               Defendants.       :
-------------------------------------------------------------x

      DANIEL J. BROOKS, under the penalty of perjury, states as follows:

      1.    I am a member of the Bar of this Court and of Schnader Harrison Segal & Lewis LLP, counsel of record for the plaintiff, Patrick Cariou. I submit this declaration, based upon personal knowledge, in support of plaintiff's motion for summary judgment, pursuant to Rule 56(a), Fed. R. Civ. P., on the issue of the liability of the defendants Richard Prince, Gagosian Gallery, Inc. and Lawrence Gagosian for copyright infringement.

      2.    Attached hereto as Exhibit A is a copy of plaintiff's amended complaint, filed on January 14, 2009.

3. Attached hereto as Exhibit B is a copy of the answer of defendant Richard Prince to the amended complaint, filed on March 3, 2009.

4. Attached hereto as Exhibit C is a copy of the answer of defendants Gagosian Gallery, Inc. ("Gagosian Gallery") and Lawrence Gagosian (collectively, "the Gagosian defendants") to the amended complaint, filed on March 3, 2009.

5. Attached hereto as Exhibit D are excerpts from the transcript of the deposition of plaintiff Patrick Cariou ("Cariou"), taken on January 12, 2010.

6. Attached hereto as Exhibit E are excerpts from the transcript of the deposition of defendant Richard Prince ("Prince"), taken on October 6, 2009.

7. Attached hereto as Exhibit F are excerpts from the transcript of the deposition of defendant Lawrence Gagosian, taken on October 8, 2009.

8. Attached hereto as Exhibit G are excerpts from the transcript of the deposition of Gagosian employee Louise Neri, taken on December 17, 2009.

9. Attached hereto as Exhibit H are excerpts from the transcript of the deposition of Gagosian employee Alison McDonald, taken on December 17, 2009.

10. Attached hereto as Exhibit I are excerpts from the transcript of the deposition of John Olson, the chief executive officer of non-party NancyScans Corp., a commercial laboratory that scanned and printed materials, including photographic images taken from Cariou's copyrighted book, for Prince that were incorporated into Prince's paintings that are at the center of this case. Olson's deposition was taken on November 16, 2009.

11. Attached hereto as Exhibit J are excerpts from the transcript of the deposition of non-party Christiane Celle, an art gallery owner who testified that she planned to have an exhibition of Cariou's work in one of her galleries, but cancelled the show upon learning

that Gagosian Gallery had put on an exhibition of Prince's paintings containing reproductions of Cariou's photographs. Celle's deposition was taken on January 26, 2010.

12. Attached hereto as Exhibit K is a copy of Cariou's certificate of registration of a book of photography entitled *Yes Rasta*, which was issued by the U.S. Copyright Office on November 5, 2001. This document was marked as Exhibit 2 to the Cariou deposition.

13. Attached hereto as Exhibit L is a copy of the cover of *Yes Rasta*, which, pursuant to leave of Court granted on April 23, 2010, is being filed in hard copy, in its entirety, with the Court. In his deposition, Cariou was asked by defense counsel whether certain of his photographs were "staged." Of 29 photographs that he was asked about, he identified only 3 that were not "staged," one of which was a landscape, which Cariou explained, at p. 151-52 of his deposition, cannot be "staged," although he did wait approximately one hour, until a storm came in, to shoot that particular photograph. The questions and answers about the "staging" of the photographs is at pp. 109, 113-21 and 151-52 of the Cariou deposition.

14. Attached hereto as Exhibit L-1 is a copy of the cover of *Yes Rasta*.

15. Attached hereto as Exhibit L-2 is a copy of the colophon page of *Yes Rasta*, indicating that the photographs in the book are copyrighted in Cariou's name.

16. Attached hereto as Exhibit M is a copy of the cover of the catalogue published by Gagosian Gallery in connection with the Prince exhibition entitled *Canal Zone* (the "Canal Zone Catalogue"), which, pursuant to leave of Court granted on April 23, 2010, is being filed in hard copy, in its entirety, with the Court.

17. Attached hereto as Exhibit M-1 are copies of the front, back and spine of the Canal Zone Catalogue.

18. Attached hereto as Exhibit M-2 is a copy of the title page of the Canal Zone Catalogue.

19. Attached hereto as Exhibit M-3 is a List of Works, listing the 22 paintings which are depicted in the Canal Zone Catalogue.

20. Attached hereto as Exhibit M-4 is the colophon page of the Canal Zone Catalogue, listing Gagosian Gallery as the copyright owner of the publication, Prince as the copyright owner of all "artworks" and "insert images," and James Frey as the copyright owner of the essay, *Ding Dong the Witch is Dead*, which is inserted in the Canal Zone Catalogue.

21. Attached hereto as Exhibit N are copies of the 22 paintings depicted in the Canal Zone Catalogue.

22. Attached hereto as Exhibit O are copies of seven additional Prince paintings, which are not depicted in the Canal Zone Catalogue, which were marked as Exhibit 33 to the Prince deposition.

23. Attached hereto as Exhibit P is a copy of a stipulation entered into by counsel for Cariou and the Gagosian defendants, fully executed on January 26, 2010, which stipulates as to the authenticity of certain documents and contains representations by Gagosian Gallery on its sales and exchanges of certain Prince paintings and its sales of the Canal Zone Catalogue.

24. Attached hereto as Exhibit Q are copies of two pages from Prince's website, including comments he wrote entitled "Practicing Without A License," and "Appropriation," which were marked as Exhibit 3 to the Prince deposition.

25. Attached hereto as Exhibit R is copy of an interview of Prince in *ArtForum*, March 2003, which was marked as Exhibit 4 to the Prince deposition.

26. Attached hereto as Exhibit S is a copy of an e-mail indicating that Prince purchased three copies of *Yes Rasta* from the publisher on June 3, 2008. This document was marked as Exhibit 27 to the Prince deposition.

27. Attached hereto as Exhibit T is a copy of an interview of Prince in *Interview Magazine*, which was marked as Exhibit 28 to the Prince deposition.

28. Attached hereto as Exhibit U is a comparison document Cariou created juxtaposing images from the paintings by Prince with photographs by Cariou in order to show which of Cariou's images were appropriated by Prince in each of those paintings and in an insert in the Canal Zone Catalogue depicting one of Cariou's photographs on a canvas in Prince's studio. Cariou testified about the preparation of this document at pp. 30-34 of his deposition. The document was previously marked as Exhibit 40 to the Prince deposition.

29. Attached hereto as Exhibit V is a copy of Prince painting entitled, *Canal Zone 2007*, which consists of 35 pages from *Yes Rasta* collaged on a plywood board. This document was marked as Exhibit 14 to the Prince deposition. The Gagosian defendants stipulated to the authenticity of this document in Exhibit P.

30. Attached hereto as Exhibit V-1 is a copy of *Canal Zone 2007* as it was exhibited in late 2007 in St. Barth's. This document was marked as Exhibit 15 to the Prince deposition.

31. Attached hereto as Exhibit W is a copy of an article in *The Art Newspaper*, marked as Exhibit 20 to the Prince deposition, which discusses this lawsuit and reproduces a portion of *Canal Zone 2007*.

32. Attached hereto as Exhibit X is a document, marked as Exhibit 32 to the Prince deposition, the authenticity of which has been stipulated to by the Gagosian defendants in Exhibit P, showing the layout of the *Canal Zone* exhibition.

33. Attached hereto as Exhibit Y is a printout from the Gagosian Gallery website describing the *Canal Zone* exhibition and showing all of the paintings as they were displayed during the show. This document was marked as Exhibit 105 to the McDonald deposition.

34. Attached hereto as Exhibit Z are copies of three images contained in inserts to the Canal Zone Catalogue, reproducing exact and unaltered copies of Cariou's photographs, shown mounted on canvases in Prince's studio.

35. Attached hereto as Exhibit AA are blown-up details from two Prince paintings, emphasizing two of Cariou's photographs, as shown in the Canal Zone Catalogue.

36. Attached hereto as Exhibit BB is a landscape, marked as Exhibit 108 to the Neri deposition, which Prince admitted, at p. 356 of his deposition, taking in its entirety from the *Yes Rasta* book and using in a painting entitled *Djuna Barnes, Natalie Barney, Renée Vivien, and Romaine Brooks Take Over the Guanahani*.

37. Attached hereto as Exhibit CC are two photographs of Rastafarians taken from the *Yes Rasta* book by Prince and reproduced in various Prince paintings. These photographs were marked as Exhibits 107 and 109 to the Neri deposition.

38. Attached hereto as Exhibit DD is a copy of a "pitch" for movie written by Prince and marked as Exhibit 22 to the Prince deposition.

39. Attached hereto as Exhibit EE is an e-mail pertaining to and updating the "pitch," which was marked as Exhibit 23 to the Prince deposition.

40. Attached hereto as Exhibit FF is a printout from the Gagosian Gallery website describing the *Canal Zone* exhibition and Prince's biography, which was marked as Exhibit 31 to the Prince deposition. The Gagosian defendants stipulated to the authenticity of this document in Exhibit P.

41. Attached hereto as Exhibit GG are copies of five newspaper advertisements taken out by the Gagosian defendants, containing images of one of Cariou's photographs, and promoting the *Canal Zone* exhibition.

42. Attached hereto as Exhibit HH are copies of e-mails which were marked as Exhibit 29 to the Prince deposition. The Gagosian defendants stipulated to the authenticity of these documents in Exhibit P.

43. Attached hereto as Exhibit II is a copy of an e-mail which was marked as Exhibit 55 to the Gagosian deposition. The Gagosian defendants stipulated to the authenticity of this document in Exhibit P.

44. Attached hereto as Exhibit JJ is a copy of the announcement card, bearing an image of one of Cariou's photographs, mailed out by Gagosian Gallery to 7,500 clients and museums in connection with the *Canal Zone* exhibition. This document was marked as Exhibit 104 to the McDonald deposition.

45. Attached hereto as Exhibit KK are copies of e-mails marked as Exhibit 53 to the Gagosian deposition. The Gagosian defendants stipulated to the authenticity of these documents in Exhibit P.

46. Attached hereto as Exhibit LL is a copy of the invitation, marked as Exhibit 103 to the McDonald deposition, to the opening dinner for the *Canal Zone* exhibition.

47. Attached hereto as Exhibit MM are copies of e-mails, marked as Exhibit 26 to the Prince deposition, the authenticity of which the Gagosian defendants stipulated to in Exhibit P.

48. Attached hereto as Exhibit NN are copies of e-mails, marked as Exhibit 48 to the Gagosian deposition, the authenticity of which the Gagosian defendants stipulated to in Exhibit P.

49. Attached hereto as Exhibit OO is a copy of an e-mail, marked as Exhibit 49 to the Gagosian deposition, the authenticity of which the Gagosian defendants stipulated to in Exhibit P.

50. Attached hereto as Exhibit PP is a copy of an e-mail string, marked as Exhibit 50 to the Gagosian deposition, the authenticity of which the Gagosian defendants stipulated in Exhibit P.

51. Attached hereto as Exhibit QQ is a copy of the invitation list to the opening dinner of the *Canal Zone* exhibition, marked as Exhibit 35 to the Prince deposition and identified by Prince at pp. 317-18 of his deposition.

52. Attached hereto as Exhibit RR is a copy of Cariou's cease and desist letter dated December 11, 2008, marked as Exhibit 34 to the Prince deposition, which Prince and the Gagosian defendants admitted receiving on or about that date. *See* Exhibit B, ¶¶ 24-25; Exhibit C, ¶¶ 24-25.

53. Attached hereto as Exhibit SS is a copy of an e-mail exchange, with certified English translation, between Cariou and Celle, which was marked as Exhibit 1 to the Celle deposition.

54. Based on this evidence and the applicable law, it is respectfully submitted that summary judgment should be granted in favor of Cariou against Prince and the Gagosian defendants on the issue of their liability for copyright infringement.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 7, 2010, at New York, New York.

_____
DANIEL J. BROOKS