UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK CARIOU,<br><br>          Plaintiff,<br><br>  -against-<br><br>RICHARD PRINCE, GAGOSIAN GALLERY, INC., and LAWRENCE GAGOSIAN,<br><br>          Defendants. | No.: 08 Civ. 11327 (DAB)<br><br>ECF Case |

**MOTION FOR LEAVE TO FILE BRIEF AMICI CURIAE OF THE ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC. AND THE ROBERT RAUSCHENBERG FOUNDATION IN SUPPORT OF FURTHER EVIDENTIARY PROCEEDINGS FOR PURPOSES OF DETERMINING FAIR USE ON REMAND**

I.     INTRODUCTION

The Andy Warhol Foundation for the Visual Arts, Inc. and the Robert Rauschenberg Foundation ("Amici") hereby move for leave to file the accompanying brief *amici curiae* in the above-captioned case.[1]

Amici are among the largest private supporters of the arts in the United States.  As copyright holders, grant-makers to artists and arts organizations, and institutions that serve the public's cultural needs, Amici have a vital interest in assuring a legal framework that properly balances copyright protections with artistic free expression.  Because this case pits two artists against one another in a way that both tests and threatens the stability of that framework, Amici respectfully request leave to appear to assist the Court in the task of maintaining that balance.

The Andy Warhol Foundation for the Visual Arts, Inc. (the "Warhol Foundation") has an especially strong interest in assuring that copyright law provides sufficient protection for original works of authorship, while also preserving the artistic freedom to use those works to create new art and expression.  All of the Warhol Foundation's work is premised upon the belief that art reflects an important cultural dialogue and that freedom of artistic expression is fundamental to a democratic society.  That commitment is evident in the Warhol Foundation's approach to managing and protecting the intellectual property it owns, which includes copyrights in certain of Mr. Warhol's works.  While the Warhol Foundation charges licensing fees for the reproduction of images of those works in merchandise, it also permits artists freely to build on Mr. Warhol's work in the creation of new art.  The Warhol Foundation therefore weighs these interests on a

---

[1] Twenty-nine of this country's leading museums and other arts organizations, many of whom appeared as amici in the Court of Appeals, have endorsed the Warhol and Rauschenberg Foundations' positions in this brief regarding the standards for analysis of whether a work of art is "transformative" and the appropriateness of evidence from the broader art community, as well as expert testimony, in connection with that determination.  That support is set forth in the letter annexed as Exhibit A to the brief *amici curiae*, submitted with this motion.

continuing basis in order to maintain a proper balance between exercising the limited monopoly of copyright and supporting fair use, thus maintaining the fundamental goal of copyright to promote creativity and to sustain our society's First Amendment interest in freedom of artistic expression.

The Robert Rauschenberg Foundation ("Rauschenberg Foundation") likewise shares a strong interest in copyright law's ability to protect original works of authorship while preserving the right of artists to use original works to create new art and expression. The Rauschenberg Foundation is the steward of Mr. Rauschenberg's legacy of copyrighted works, including the copyrights in works that have themselves been used by other artists and works that exemplify the artistic practice of using the work of other artists in ways that create uniqueness of meaning and serve a transformative purpose. As both a funder of artistic expression and a charitable foundation with responsibility to protect the copyrights under its control, the Rauschenberg Foundation recognizes that the "fair use" analysis must be well informed and properly contextualized in order to achieve the necessary balance between free expression and the protection of the limited monopoly that copyright confers.

Without sufficient evidentiary context from members of the broader art community, who must be within the universe of "reasonable observers," the Court cannot realistically consider Prince's works in the context that fair use requires. Amici respectfully submit that the Court has yet to consider key additional evidence on this issue from artists, scholars, critics, market participants, and other such persons, who may assist the Court in determining whether there exists a reasonable observer who may perceive new meaning or message in Prince's paintings. With the exception of the recently filed Declarations of Nancy Spector and Brian Wallis in support of Prince's Response (Dkt. Nos. 91 and 92), the Court generally has lacked the benefit of

broader input on the possible range of both visual and non-visual distinctiveness in Prince's works. It is therefore Amici's purpose in seeking to appear at this stage in the proceedings to assist the Court in understanding the views of the broader art community on the kinds of evidence that would be appropriate for the Court to consider in determining fair use here.

## II. AMICI'S BRIEF WILL AID IN THE DETERMINATION OF THE FAIR USE INQUIRY CURRENTLY BEFORE THIS COURT

The legal standard for submission of an *amicus* brief is whether it "will aid in the determination of the [issue before the Court]." *James Square Nursing Home, Inc. v. Wing*, 897 F. Supp. 682, 683 n.2 (N.D.N.Y. 1995) *aff'd,* 84 F.3d 591 (2d Cir. 1996). "Some friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group." *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.) (internal citation omitted).

Here, Amici can assist the Court by discussing the transformative meaning that artists add when they create new works that build off of appropriated works, through differences that are not purely visual and cannot always be discerned through a purely visual comparison. Thus, even works that are visually the same can have very different meanings based on their context. *See*, *e.g.*, *Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605, 611-12 (2d Cir. 2006) (copies of concert posters were fair use when re-contextualized and incorporated as part of a book); *see also Blanch v. Koons*, 467 F.3d 244, 251 (2d Cir. 2006) ("[T]he determination of fair use is an open-ended and context-sensitive inquiry."). Amici's brief also discusses how, if copyright law in general and the fair use doctrine in particular do not allow for sufficient breathing room and artistic freedom for works like Prince's to exist, current and future creativity

3

and progress in the arts will be stifled.  Thus, Amici will provide a broader perspective than either party, in a way that nonetheless bears directly on the fair use issues before the Court.

Amici notified the parties on October 16, 2013 of Amici's intention to seek leave to file this brief and asked for their consent.  Defendants consented to the filing of this brief, while Plaintiff did not.[2]  Although Plaintiff would not provide his consent, that does not affect the Court's power to permit the participation of Amici here.  The Court has broad "discretion to permit participation of amici where such participation will not prejudice any party and may be of assistance to the court."  *Strougo v. Scudder, Stevens & Clark, Inc.*, No. 96 Civ. 2136, 1997 WL 473566, *3 (S.D.N.Y. Aug. 18, 1997) (granting amicus leave to appear and emphasizing that the amicus' arguments "may illuminate the legal issues presented by this motion"); *accord Authors Guild, Inc. v. HathiTrust*, 902 F. Supp. 2d 445, 447 n.2 (S.D.N.Y. 2012).  Our brief *amici curiae* here will not prejudice any party, as it will be filed in advance of Plaintiff's reply, and our principal goal is to assist the Court, rather than any individual party, in maintaining the proper balance between copyright protections and artistic free expression in cases where the new meaning of a secondary work arises less out of visible differences, than from new or different context, critique, or other key factors.

The fact that Amici's views align more with Prince in this case does not take away any of this brief's value either.  *See Concerned Area Residents for the Environment v. Southview Farm,* 834 F. Supp. 1410, 1413 (W.D.N.Y. 1993) (quoting *Hoptowit v. Ray,* 682 F.2d 1237, 1260 (9th Cir. 1982) ("[T]here is no rule . . . that amici must be totally disinterested.").  Indeed, although "[a]n amicus . . . is not a party to the litigation and participates only to assist the court[,

---

[2] In the Second Circuit appellate proceeding, both Plaintiff and Defendants consented to the filing of an *amicus* brief by the Warhol Foundation.  The Court of Appeals likewise granted the Warhol Foundation's motion for leave to file the *amicus* brief, and considered it in rendering its decision.  *See Cariou v. Prince*, 714 F.3d 694, 697-98 (2d Cir. 2013).

n]evertheless, 'by the nature of things an amicus is not normally impartial' . . . [and] 'there is no rule . . . that amici must be totally disinterested.'" *Waste Mgmt., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D.Pa. 1995) (quoting *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991)). Nor does the fact that Prince is competently represented here affect the value of this submission. *See Neonatology Assocs.*, 293 F.3d at 132 ("Even when a party is very well represented, an amicus may provide important assistance to the court."). Here, Amici respectfully offer assistance on issues that have not been fully addressed in the parties' briefing.

To be sure, Defendants' Memorandum in Response to Plaintiff's Memorandum of Law Applying the Second Circuit's Fair Use Standard ("Prince Response"), Dkt. No. 89, provides the Court with informative declarations from individuals with experience in the field of contemporary art, and Amici believe that such statements represent the kind of critically-informed visual analysis and knowledge of art history and context in contemporary art practice that will be relevant for this Court on remand. *See* Prince Response at 9-18.

Amici request leave to write separately, however, to emphasize that artists employing pre-existing imagery may be entitled to such protections *even where* the transformative meanings found in their follow-on works are not facially apparent through a simple side-by-side visual comparison. In other words, Amici emphasize that a secondary work can be "transformative" within the meaning of the fair use doctrine, even where the primary work has not been visibly transformed.

### III.    CONCLUSION

For the foregoing reasons, Amici respectfully request that the Court grant this motion for leave to file the accompanying brief *amici curiae*.

Respectfully Submitted,

Dated: October 22, 2013					By: /s/ Julie A. Ahrens
								Julie A. Ahrens
								Tim Greene
								Stanford Law School
								Center for Internet and Society
								559 Nathan Abbott Way
								Stanford, CA 94305
								(650) 723-2511
								jahrens@stanford.edu


							By: /s/ Virginia Rutledge
								Virginia Rutledge
								135 North Carolina Ave. SE
								Washington, D.C. 20003
								(646) 642-2949
								virginiarutledge@yahoo.com


							By: /s/ Zachary J. Alinder
								Zachary J. Alinder (*pro hac vice* pending)
								Kevin M. Papay (*pro hac vice* pending)
								BINGHAM McCUTCHEN LLP
								Three Embarcadero Center
								San Francisco, CA 94111
								(415) 393-2578
								zachary.alinder@bingham.com


								*Attorneys for Amici Curiae The Andy*
								*Warhol Foundation for the Visual Arts,*
								*Inc. and The Robert Rauschenberg*
								*Foundation*

Case 1:08-cv-11327-DAB   Document 97   Filed 10/22/13   Page 8 of 8

## CERTIFICATE OF SERVICE

    I hereby certify that on October 22, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of New York by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


Dated: October 22, 2013                            By: /s/ Julie A. Ahrens
                                                                Julie A. Ahrens